# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| QUARTEZ GARY, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:18-cv-02738-TLP-tmp |
| v. ) | |
| ) | |
| FLOYD BONNER, ) | |
| ) | |
| Respondent. ) | |

**ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2254 WITHOUT PREJUDICE, DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Quartez Gary, booking number 15117795, an inmate at the Shelby County Criminal Justice Center in Memphis, Tennessee, filed a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition") on October 23, 2018. (ECF No. 1.) On November 6, 2018, Petitioner filed an amended petition. (ECF No. 6.)

## PROCEDURAL BACKGROUND

Petitioner was convicted of attempted first degree premeditated murder and employment of a firearm during the commission of a dangerous felony. (ECF No. 1-8 at PageID 40.) He was sentenced to twenty-three years imprisonment. (*Id.*) He then appealed his conviction asserting claims challenging the sufficiency of the evidence and the trial court's jury instructions. (*See id.* at PageID 44–48.) His conviction was affirmed. (*Id.* at PageID 48); *see also State v. Gary,* No. W2017-01495-CCA-R3-CD, 2018 WL 3689143 (Tenn. Crim. App. July 31, 2018). Petitioner next action involved filing a writ of habeas corpus in the Shelby County Criminal Court. (*See*

ECF No. 6 at PageID 73–78.)[1]  Those proceedings are still ongoing.  All that said, Petitioner has not filed a post-conviction petition.  (*Id.* at PageID 77.)

Despite having a writ of habeas corpus pending in state court, Petitioner has now filed a § 2254 Petition in this Court seeking relief from his state court conviction.  In his Amended § 2254 Petition, Petitioner asserts four grounds for relief.

## I. Fifth Amendment Due Process

Petitioner first argues that the trial court lacked subject matter jurisdiction over him and that his conviction is null and void.  (ECF No. 6 at PageID 73.)

## II. Violation of Tennessee Rules of Criminal Procedure (b)(1)–(3)

Second, Petitioner asserts that "he was never called upon to plead to any indictment; [n]or was [he] given a copy of any charging instrument" in violation of Tennessee Rules of Criminal Procedure (b)(1)–(3).  (*Id*. at PageID 74.)  He further states that any plea entered by him was involuntary and the result of a "municipal policy that's designed to deprive the accused of due process of law and a speedy trial."  (*Id*.)

## III. Double Jeopardy

Petitioner next argues that he was subjected to multiple convictions for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment.  (*Id*. at PageID 6.)  He claims that his convictions for attempted murder in the first degree and employment of a firearm during the commission of a dangerous felony were actually "single continuing acts," and as such, were the same offense for purposes of double jeopardy.  (*Id*.)

---

[1] The Shelby County Criminal Court's website indicates that a petition for writ of habeas corpus was filed on or about September 26, 2018.  *See* Shelby County Criminal Justice System Portal, Case No. 16 02521-15117795, The State of Tennessee vs. QUARTEZ GARY, https://cjs.shelbycountytn.gov/CJS/Home/WorkspaceMode?p=0#CaseInformation (last accessed Nov. 27, 2018).

### IV. Ineffective Assistance of Counsel

Lastly, Plaintiff claims that he received ineffective assistance of counsel in violation of the Sixth Amendment. (ECF No. 6 at PageID 78.) He asserts that his attorney and the presiding judge conspired to deprive him of due process of law and the right to a fair trial. (*Id.*) And he claims that his attorney withheld exculpatory evidence from Petitioner. (*Id.*)

## ANALYSIS

A federal court cannot decide a § 2254 petition until the petitioner has exhausted the remedies available in state court. 28 U.S.C. § 2254(b)(1)(A); *see also Rose v. Lundy*, 455 U.S. 509, 518–519 (1982). Petitioner has filed an appeal, but the issues raised on appeal are not the issues presented in this § 2254 Petition. Furthermore, Petitioner has not filed a petition for post-conviction relief and has a pending petition for writ of habeas corpus in the state court. He has not met his burden to show exhaustion where available state court remedies remain. *See Coleman v. Gidley*, No. 17-1130, 2017 WL 7370569, at *1 (6th Cir. Sept. 5, 2017). The § 2254 Petition is DISMISSED WITHOUT PREJUDICE subject to refiling upon the exhaustion of state court remedies. Judgment shall be entered for Respondent.

## APPEAL

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)–(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

In this case, there can be no question that the § 2254 Petition is premature. Because any appeal by Petitioner on the issues raised in his § 2254 Petition would be useless, the Court DENIES a certificate of appealability.

Additionally, Federal Rule of Appellate Procedure 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5). In this case, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a) that any

appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is DENIED.[2]

**SO ORDERED**, this 17th day of January, 2019.

                                                     s/ Thomas L. Parker
                                                   THOMAS L. PARKER
                                                   UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this Order. *See* Fed. R. App. P. 24(a)(5).